# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOLENE CRAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 11-0010-WS-C |
| | ) | |
| PRISM RESOLUTION LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The plaintiff has filed an "Application for Entry of Default," (Doc. 6), which in its text seeks entry of default judgment under Rule 55(b)(2).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," it is subject to entry of default. Fed. R. Civ. P. 55(a). But a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." *Id*. Rule 12(a)(1)(A); *accord Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered, ... the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 at 14 (3rd ed. 1998).

The defendant is a limited liability company. Service of process on a corporation, partnership or association may be made in accordance with Rule 4(h) or by following Alabama law. Fed. R. Civ. P. 4(h)(1). The only recognized means of serving an artificial entity under federal law is "by delivering a copy of the summons and of the complaint to" specified individuals. *Id*. Rule 4(h)(1)(B). "The term 'delivering' appears to refer to personal service." *Dyer v. Wal-Mart Stores, Inc*., 318 Fed. Appx. 843, 844 (11th Cir.

2009). Other Circuits have routinely so concluded.[1] The plaintiff did not deliver process to the defendant but used certified mail. (Doc. 5). Thus, the defendant was not served in compliance with Rule 4(h)(1)(B). *Dyer*, 318 Fed. Appx. at 843-44 (service by certified mail on defendant's registered agent did not satisfy Rule 4(h)(1)(B)).

Under Alabama law, an artificial entity may be served "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). Service on an artificial entity may be made by certified mail, but "the addressee shall be a person described in the appropriate subdivision." *Id*. Rule 4(i)(2)(B)(i), (ii). That is, the mailing must be addressed, not simply to the artificial entity, but to a human being affiliated with the entity as an officer, partner or agent as described in Rule 4(c)(6). Here, the certified mailing was addressed to "Prism Resolution, LLC," with no human addressee. (Doc. 5). The plaintiff thus has failed to show effective service under Alabama law.[2]

Because the plaintiff has not established effective service of process, her application for entry of default, construed as a motion, is **denied**.

This action was filed in January 2011, and service remains unperfected nine months later. The plaintiff's failure to perfect service within 120 days after filing the complaint exposes it to dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if

---

[1] *E.g., Gilliam v. County of Tarrant*, 94 Fed. Appx. 230, 230 (5th Cir. 2004) (municipal corporations); *Larsen v. Mayo Medical Center*, 218 F.3d 863, 868 (8th Cir. 2000) (corporations); *Husner v. City of Buffalo*, 1999 WL 48776 (2nd Cir. 1999) (municipal corporations); *Gabriel v. United States*, 30 F.3d 75, 77 (7th Cir. 1994) (United States Attorney); *Puet v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (United States Attorney); *accord* 1 James Wm. Moore, et al., Moore's Federal Practice § 4.53[2] (3rd ed. 2007) (corporations).

[2] Nor has the plaintiff shown that any such human addressee falls within the class of persons to whom process may be directed under Rule 4(c)(6) or that "PW" (or "RW"), who signed for the certified mail, is the agent of such addressee as defined in Rule 4(i)(2)(C).

the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991). Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the refiling of the lawsuit should it be dismissed. *Horenkamp*, 402 F.3d at 1132. This is "not an exhaustive list" of factors a court may consider. *Lepone-Dempsey*, 476 F.3d at 1182.

The plaintiff is **ordered** to show cause, on or before **October 19, 2011**, why this action should not be dismissed without prejudice pursuant to Rule 4(m). The plaintiff may attempt to show that good cause exists under Rule 4(m), or that the Court should exercise its discretion to extend the time for service despite the absence of good cause, or both.

DONE and ORDERED this 5th day of October, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE